UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASMIN J. CUBERO,

       Plaintiff,

v.               5:15-CV-1124
                (GTS)
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

APPEARANCES:          OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON  STEVEN R. DOLSON, ESQ.
 Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.     FERGUS J. KAISER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this Social Security action filed by Jasmin J. Cubero, ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 10, 12.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and Defendant's motion for judgment on the pleadings is denied.

I.      RELEVANT BACKGROUND

        A.      Factual Background

Plaintiff was born on September 29, 1974. Plaintiff completed a masters's degree, and has past work as an administrative assistant, a case manager, a leasing specialist, a marketing consultant, a program assistant, a translator, a resource network fiscal coordinator, and a tenant relations assistant. Generally, Plaintiff's alleged disability consists of fibromyalgia, osteoarthritis of the bilateral hips, neck injury, low back pain, arthritis of the shoulders and feet, spinal stenosis, sclerosis, tendonitis of the hamstrings, quadriceps pain, and depression.

        B.      Procedural History

On January 17, 2012, Plaintiff applied for a Period of Disability and Disability Insurance Benefits, alleging disability beginning October 1, 2011. (T. 16.)[1] On August 22, 2012, Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) On December 2, 2013, and March 31, 2014, Plaintiff appeared in hearings before the ALJ, Elizabeth Koennecke. (T. 29-57, 58-67.) On May 5, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 8-26.) On July 29, 2015, the Appeals Council denied Plaintiff's request for review. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

        C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 18-24.) First, the ALJ found that Plaintiff meets the insured status requirements through December 31, 2016, and has not engaged in substantial gainful activity

---

[1] Page citations refer to the page numbers used on CM/ECF rather than the page numbers in the parties' respective motion papers.

since October 1, 20011, the alleged onset date. (T. 18.) Second, the ALJ found that Plaintiff's bilateral hip impingement and lumbar facet arthropathy were severe impairments, but that Plaintiff's alleged right elbow pain, fibromyalgia, and depression were not severe impairments. (T. 19-20.) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (the "Listings"). (T. 20-21.) The ALJ considered Listing 1.04 (disorders of the spine). (*Id.*) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a)$^2$ except lifting/carrying is limited to 10 lbs. occasionally and less than 10 lbs. frequently; she is able to sit for 6 hours but must periodically stand at will (while remaining on task, with no climbing and/or crawling." (T. 21-24.) Fifth, and finally, the ALJ found that Plaintiff is able to perform her past relevant work as a program manager. (T. 24.)

### D. The Parties' Briefings on Their Cross-Motions

Generally, Plaintiff asserts three arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ erred in assessing the opinion of consultative examiner Look Persaud, M.D., and failed to include functional limitations opined by Dr. Persaud in the RFC determination. (Dkt. No. 10, at 5-7 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ's credibility determination is unsupported by substantial evidence. (*Id.* at 7-9.) Third, and finally, Plaintiff argues that the ALJ failed to weigh the opinions of treating physicians Sharon Ziegler, M.D., and Robert Breiman, M.D., and failed to provide "good reasons" for not crediting their opinions. (*Id.* at 9-11.) Liberally construed, Plaintiff also

---

<sup>2</sup>    Sedentary work requires the abilities to sit for six hours, stand and walk for two hours, and lift or carry up to ten pounds in an eight-hour workday. 20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251 (1983).

appears to argue that the ALJ failed to recontact the treating physicians to clarify any ambiguity regarding their opinions. (*Id.*)

Generally, Defendant makes three arguments in support of her motion for judgment on the pleadings. First, Defendant argues that the ALJ's RFC determination was supported by substantial evidence. (Dkt. No. 12, at 8-9 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ properly assessed Plaintiff's credibility. (*Id.* at 9-11.) Third, Defendant argues that the ALJ properly evaluated the medical opinion evidence. (*Id.* at 11-13.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.  Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical

5

evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

For the ease of analysis, Plaintiff's arguments will be reorganized and consolidated below.

### A. Whether the ALJ Erred in Assessing the Medical Opinions in Determining the RFC

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 10, at 5-8, 9-11 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

RFC is defined as

> what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).

"In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y. Aug. 29, 2013) (citing 20 C.F.R. § 404.1545[a][3]-[4]). The ALJ must consider medical opinions and facts, physical and mental abilities, non-severe impairments, and the plaintiff's subjective evidence of symptoms. 20 C.F.R. § 404.1545(b)-(e). The ALJ must consider RFC assessments made by acceptable medical sources and may consider opinions from other sources to show how a claimant's impairments may affect his or her ability to work. 20 C.F.R. § 404.1513(c)(d). Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Under the "treating physician's rule," controlling weight is afforded to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012). Regulations require an ALJ to set forth his or her reasons for the weight afforded to a treating physician's opinion. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

When controlling weight is not afforded to the opinion of a treating physician, or when assessing a medical opinion from another source, the ALJ should consider the following factors to determine the proper weight to afford the opinion: (1) the source's examination relationship and treatment relationship with the plaintiff, including the length, nature, and extent of the

7

treatment relationship, if applicable, (2) the opinion's supportability, (3) the opinion's consistency with the record as a whole, (4) the source's specialization, if any, and (5) other factors, such as the source's knowledge of disability programs and familiarity with the case record. 20 C.F.R. § 404.1527(c); *Halloran*, 362 F.3d at 32 (listing regulatory factors).

Here, the record contains medical opinions of Plaintiff's physical limitations from (1) treating physician Dr. Breiman, (2) treating physician Dr. Ziegler, and (3) consultative examiner Dr. Persaud. (T. 736, 738-39, 787-91, 932.)

### i.     Treating Physician Dr. Breiman

On January 21, 2011, Dr. Breiman opined that Plaintiff could perform "light desk work duty" with no inspections, no repetitive lifting more than ten pounds, and no repetitive bending. (T. 962.) Dr. Breiman further opined that Plaintiff required a five-minute break from sitting per hour, and indicated that the opined limitations should continue "until further notice." (*Id.*)

### ii.    Treating Physician Dr. Ziegler

On December 9, 2011, Dr. Ziegler opined that Plaintiff was "cleared for part time work 20 hours weekly." (T. 738.) Dr. Ziegler further indicated that she filled out a "disability form." (T. 739.) However, the referenced disability form is not included with the medical record or elsewhere in the administrative record. (*Id.*) On February 2, 2012, Dr. Ziegler again opined that Plaintiff was "cleared for part time work 20 hours weekly." (T. 736.)

### iii.   Consultative Physical Examiner Dr. Persaud

On August 9, 2012, Dr. Persaud examined Plaintiff and provided an opinion of her work-related physical abilities and limitations. (T. 787-91.) Dr. Persaud opined that Plaintiff had no restriction for sitting; mild restriction for prolonged standing; moderate restriction for walking on even surfaces; moderate to marked restriction for walking on uneven terrain, up inclines,

ramps, and stairs; moderate restriction for squatting, kneeling, crawling, bending, twisting, and turning; moderate to marked restriction for lifting, carrying, pushing, and pulling; and mild restriction for reaching overhead and in all other planes as these maneuvers trigger shoulder pain. (T. 791.)

In determining Plaintiff's physical RFC, the ALJ afforded "some evidentiary weight" to Dr. Persaud's opinion. (T. 22-24.) While the ALJ noted that Dr. Ziegler cleared Plaintiff for 20 hours of work per week in February 2012 (T. 23.), the ALJ did not explicitly weigh the opinions of treating physicians Dr. Ziegler and Dr. Breiman. (T. 19-24). "SSA regulations provide a very specific process for evaluating a treating physician's opinion and instruct ALJs to give such opinions 'controlling weight' in all but a limited range of circumstances." *Greek v. Colvin,* 802 F.3d 370, 376 (2d Cir. 2015). If a treating physician's opinion is not given controlling weight, the ALJ must consider the regulatory factors set forth above to determine how much weight to give it, and should articulate "good reasons" for the weight given. 20 C.F.R. § 404.1527(c)(2); *Halloran*, 362 F.3d at 32.

Accordingly, under the treating physician rule, the ALJ was required either to afford Dr. Breiman and Dr. Ziegler's opinions controlling weight or to provide good reasons for discounting the opinions. *Zabala v. Astrue,* 595 F.3d 402, 409 (2d Cir. 2010) ("The ALJ was required either to give . . . [the treating physician's] opinions controlling weight or to provide good reasons for discounting them.) When an ALJ fails to satisfy the treating physician rule, "such an error ordinarily requires remand to the ALJ for consideration of the improperly excluded evidence, at least where the unconsidered evidence is significantly more favorable to the claimant than the evidence considered." *Id.*

Moreover, an ALJ has an affirmative duty to develop a claimant's complete medical history. 20 C.F.R. § 404.1512(d); *Lamay v. Comm'r of Soc. Sec*., 562 F.3d 503, 508-09 (2d Cir. 2009). By statute, an ALJ is required to develop a claimant's complete medical history for at least 12 months before an application for benefits was filed, and for a longer period when there is reason to believe that additional information is necessary to reach a decision. *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998). This duty exists even when a claimant is represented by counsel, due to the non-adversarial nature of a benefits proceeding. *DeChirico,* 134 F.3d at 1184; *Lamay*, 562 F.3d at 509.

An ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician, including an assessment of the claimant's functional capacity, in order to afford the claimant a full and fair hearing. *Smith v. Astrue,* 896 F. Supp. 2d 163, 176 (N.D.N.Y. 2012) (citing 20 C.F.R. § 404.1512[e]); *Beckwith v. Comm'r,* 13-CV-1555, 2015 WL 860763, at *6 (N.D.N.Y. Feb. 27, 2015). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1520b(c)(1)-(4); *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998). However, an ALJ is not required to seek additional information absent "obvious gaps" in the administrative record that preclude an informed decision. *Rosa*, 168 F.3d at 79 n.5.

Here, a review of the administrative record indicates that there is a gap in the evidence from Dr. Ziegler. As noted above, Dr. Ziegler indicated that she filled out a disability form, yet the referenced form is not included with the medical record or elsewhere in the administrative record. (T. 739.) Moreover, there is ambiguity regarding the specific physical requirements

10

involved in the work activity "inspections" referenced in Dr. Breiman's opinion. (T. 962.) Therefore, it is unclear which specific functional limitations (*ie.,* reaching, squatting, kneeling, stooping, etc.) may be precluded by Dr. Breiman's opinion that Plaintiff could perform "no inspections." (*Id.*)

Finally, the Court turns to Plaintiff's argument that the ALJ's RFC determination failed to include all of the limitations opined by Dr. Persaud, including reaching, pushing, pulling, squatting, kneeling, bending, twisting, and turning. (Dkt. No. 10, at 5-7 [Pl.'s Mem. of Law].) The Court recognizes that, in formulating a plaintiff's RFC, an ALJ does not have to adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). However, in rejecting limitations included in Dr. Persaud's opinion of Plaintiff's functioning, the ALJ failed to cite an alternative medical opinion of Plaintiff's physical abilities and limitations. (T. 21-24.)

An ALJ is not permitted to substitute his or her own expertise or view of the medical proof for any competent medical opinion. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *accord Rosa,* 168 F.3d at 79 (stating that "'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'") (quoting *McBrayer,* 712 F.2d at 799); *Balsamo,* 142 F.3d at 81 ("[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted a medical opinion to] or testified before him.") Therefore, the Court need not address whether Dr. Persaud's opinion bound the ALJ under the regulations due to the ALJ's aforementioned omission. *See Balsamo*, 142 F.3d at 81 (finding that the Court need not address whether the physicians' opinions bound the ALJ under the regulations because the ALJ did not cite *any* medical opinion to dispute the physicians' conclusions as to the plaintiff's work-related limitations.)

11

For these reasons, remand is necessary for the ALJ to reevaluate the physical opinion evidence and the physical RFC determination based on a fully developed record. Upon remand, the ALJ should first request clarification and/or additional information regarding Dr. Ziegler and Dr. Breiman's opinions, which may include requesting more specific function-by-function opinions of Plaintiff's work-related physical abilities and limitations. Next, the ALJ is required to (1) reevaluate Dr. Ziegler, Dr. Breiman, and Dr. Persaud's opinions in light of any new information obtained; (2) reevaluate Plaintiff's physical RFC; (3) perform a new credibility analysis; and (4) reassess whether Plaintiff can perform her past relevant work or other existing work based on a proper assessment of the physical opinion evidence and in light of any new medical evidence obtained.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: December 7, 2016
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge